{¶ 27} I must respectfully dissent. The integrity of the court system must be upheld and therefore I would employ the doctrine of judicial estoppel, affirm the trial court and grant judgment in favor of appellee.
 {¶ 28} According to appellant's affidavit filed in the trial court, he received a payment of $185,000 from appellee on July 6, 2002, and expected a further payment from appellee of $90,000. One year later in 2003, he inquired of appellee as to the payment of the $90,000.
 {¶ 29} Appellant then married Dell Fletcher in Florida in May 2004. Thereafter, the couple filed for dissolution of the marriage in September 2004. The document filed with the Florida Court is entitled, "Marital Settlement Agreement *Page 12 
for Dissolution of Marriage with No Dependent or Minor Children." The initial page of this document contains a statement by both parties that, "Each of us states that nothing has been held back, that we have honestly included everything we could think of in listing our assets (everything we own and that is owed to us) * * *." The document was signed under oath by appellant and Dell Fletcher. In Section III (4) of the document Ms. Fletcher specifically forfeits any future claim to property held in the husband's name on the date of dissolution.
 {¶ 30} Appellant and Ms. Fletcher listed "none" under Section I (C) of the dissolution document which states "Contingent Assets and Liabilities (listed in Section III of our Financial Affidavits) will be divided as follows." In fact nowhere in the sworn pleadings are found the claims made by appellant in this action.
 {¶ 31} In her answer and in her motion for summary judgment, appellee raised the defense of judicial estoppel. It is on this theory that she should prevail. Under the doctrine of judicial estoppel, a party cannot espouse one position in a court and then subsequently take a contrary position in another court. Hildreth M/g., L.L.C. v. Semco, Inc.,151 Ohio App.3d 693, 2003-Ohio-741; Fraley v. Fraley, 2d Dist. No. 19178, 2002-Ohio-4967, Smith v. Dillard Dept. Stores, Inc. (2000),139 Ohio App.3d 525. "Judicial estoppel is an equitable doctrine that *Page 13 
preserves the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship, achieving success on one position, then arguing the opposing to suit an exigency of the moment." Teledyne Indus., Inc. v. Natl. Labor Relations Bd. (C.A.6, 1990), 911 F.2d 1214, 1218.
 {¶ 32} In the South Carolina case of Hayne Fed. Credit Union v.Bailey (1997), 327 S.C. 242, 489 S.E.2d 472, the South Carolina Supreme Court used the doctrine of judicial estoppel in holding that a party could not establish a resulting trust when that party had sworn in a prior divorce proceeding that he had no legal interest in the property. "When a party has formally asserted a certain version of the facts in litigation, he cannot later change those facts when the initial version no longer suits him." Id. at 252.
 {¶ 33} In the Florida dissolution proceeding, appellant, under oath, took a position contrary to that taken in this action and the prior position was accepted by the Florida court most probably to the detriment of Dell Fletcher.
 {¶ 34} As a matter of law I would affirm the trial court's finding in appellee's favor. *Page 1